UNITED STATES of America,
Plaintiff–Appellee,

v.

Feliciano BRAMBILA–SANCHEZ,
Defendant–Appellant.

No. 00–50768.

D.C. No. CR–00–02343–1–JML.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided July 31, 2001.

**988**

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Feliciano Brambila–Sanchez appeals the district court's forfeiture order after Brambila–Sanchez pled guilty to a failure to report on exporting monetary instruments, in violation of 31 U.S.C. §§ 5316(a)(1)(A) and 5324(b)(1) and (c). Brambila–Sanchez claims that the full forfeiture would violate the Excessive Fines Clause of the Eighth Amendment and that the district court did not make necessary factual findings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we agree that the district court did not make sufficient factual findings in order to apply the "grossly disproportional" test. Therefore, we vacate the forfeiture order and remand for further proceedings in accordance with our instructions.

■ We must consider whether Brambila–Sanchez's forfeiture is excessive under the test established by *United States v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). Under the *Bajakajian* test, "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Id.* at 334, 118 S.Ct. 2028. In *Bajakajian*, the Supreme Court held that the criminal forfeiture of $357,144, pursuant to 18 U.S.C. § 982(a)(1) and 31 U.S.C. § 5316, violated the Excessive Fines Clause where the defendant's criminal violation was "unrelated to any other illegal activities" and the money subject to forfeiture was not the proceeds of illegal activity. *Id.* at 338–40, 118 S.Ct. 2028.

In deciding whether the forfeiture before it was grossly disproportional to the offense, the *Bajakajian* Court considered the nature and extent of the criminal activity, its relation to other crimes, its penalties, and the harm it caused. *Id.* at 337–41, 118 S.Ct. 2028. The Court recognized that the crime at issue was "solely a reporting offense" and that transporting the currency out of the country is lawful as long as it is reported. *Id.* at 337, 118 S.Ct. 2028. The Court also emphasized that the reporting offense was unrelated to any other illegal activities—the currency was produced by and used for legal activities. *Id.* at 338, 118 S.Ct. 2028.

Although it recognized that the maximum statutory penalty of a $250,000 fine and five years' imprisonment was "certainly relevant evidence" of the offense's gravity, the Court determined that the maximum sentence under the Sentencing Guidelines, a $5,000 fine and six months' imprisonment, confirmed a "minimal level of culpability ." *Id.* at 338–39, 118 S.Ct. 2028. Finally, the Court considered that

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the harm caused by the offense was minimal, affecting the Government in a relatively minor way and with no loss to the public fisc, because the Government would have been deprived only of the information that the currency had left the country if the crime had gone undetected. *Id.* at 339, 118 S.Ct. 2028.

Here, the district court made no finding as to whether the currency involved was related to or obtained from other illegal activities. Accordingly, the district court's findings of fact are insufficient to determine whether the forfeiture was "grossly disproportional" to the gravity of the offense.

Similarly, in *United States v. $273,969.04 U.S. Currency,* 164 F.3d 462, 466 (9th Cir. 1999), where the district court had made no finding as to whether the currency was illegally acquired or intended for illicit purposes, we remanded to allow the court to make additional findings in order to determine whether the amount of the forfeiture was grossly disproportional to the gravity of the reporting offense.

Therefore, we vacate the forfeiture order of Brambila–Sanchez's currency and remand to allow the district court to determine whether the amount of the forfeiture is grossly disproportional to the gravity of Brambila–Sanchez's offense.

**VACATED AND REMANDED**